UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | 1:09-cv-02197 AWI GSA |
| | ) | |
| Plaintiff, | ) | **ORDER REGARDING PLAINTIFF'S MOTION FOR APPOINTMENT OF RECEIVER OF LIQUOR LICENSES PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 708.610 AND RULE 66 OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| v. | ) | |
| | ) | |
| ADNAN MOHAMMED SADDELDIN, et al., | ) | |
| | ) | (Document 25) |
| Defendants. | ) | |

**BACKGROUND**

Plaintiff Joe Hand Promotions, Inc., a closed-circuit distributor of sports and entertainment programming, filed its complaint for violations of the telecommunication statutes (47 U.S.C. §§ 553 & 605) on December 18, 2009. Plaintiff had the exclusive commercial exhibition licensing rights to the *Ultimate Fighting Championship 92: "The Ultimate 2008"* (the "Program") which was broadcast on December 27, 2008. Plaintiff entered into sublicensing agreements with various commercial entities wherein payment of a commercial sublicense fee allowed for broadcast of the Program. (*See* Docs. 1 & 17.)

Defendants Adnan Mohammed Saddeldin, Jay P. Ghazal and Allen Martin Ormonde are the alleged owners, operators, or licensees of the Samba Brazilian Steak House aka Samba

Brazilian BBQ. On December 27, 2008, Plaintiff's investigator, Armando Torrez, observed the Program at their establishment in Fresno, California. However, Defendants had not obtained a sublicense from Plaintiff. (Doc. 17, 17-3.)

When Defendants did not answer or otherwise appear in this action following proper service[1] of Plaintiff's summons and complaint, the Clerk of the Court entered default against Defendants. (Doc. 13.) Thereafter, Plaintiff moved for default judgment on April 10, 2010. (Doc. 17.) On May 14, 2010, this Court issued Findings and Recommendations that Plaintiff's application for default judgment be granted. (Doc. 20.) No party filed objections. On June 16, 2010, the Findings and Recommendations were adopted in full. (Doc. 21.) Judgment was entered in favor of Plaintiff and against Defendants in the sum of $30,750.00. (Docs. 20-21.)

Plaintiff brings the instant motion requesting the Court appoint a receiver to take possession and sell Defendants' alcoholic beverage licenses to provide for payment of the judgment. (Doc. 25.)[2]

**DISCUSSION**

Rule 69(a) of the Federal Rules of Civil Procedure governs the execution of final judgments and states that a "money judgment is enforced by a writ of execution . . . [and][t]he procedure on execution - and in proceedings supplementary to and in aid of judgment or execution - must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed.R.Civ.P. 69(a)(1). Thus, the Court must first determine whether a federal statute applies to an appointment of a receiver in aid of enforcing a judgment.

---

[1] Plaintiff's process server made several attempts to personally serve Defendants at their place of business. (*See* Docs. 8-10.) Subsequently, on January 25, 2010, Plaintiff's process server served Defendants by substitute service, leaving copies of the Summons in a Civil Case, Complaint, Civil Cover Sheet, Certification as to Interested Parties, and Order Setting Mandatory Scheduling Conference with Tim Doe, the person in charge. In addition, copies of the aforementioned documents were deposited into the United States Mail the following day. (Docs. 8-10.)

[2] On April 5, 2011, this matter was referred to the undersigned "for entry of an order resolving the pending motion for the appointment of a receiver" by Chief United States District Judge Anthony W. Ishii. (Doc. 26.)

1    Rule 66 of the Federal Rules of Civil Procedure governs the appointment of receivers.[3]
2 The Ninth Circuit has held that because "[t]he federal rules, including Rule 66, qualify as federal
3 statutes under Rule 69( a) [,] . . . Rule 66 prevails over any state law to the extent it applies."
4 *Office Depot, Inc. v. Zuccarini*, 596 F.3d 696, 701 (9th Cir. 2010) (internal citations omitted).
5 Notwithstanding, when the federal statute is a general procedural rule, specific state statutes
6 addressing the particular procedure at issue apply. *See id*. at 701- 703.  Therefore, "'state law has
7 been applied under Rule 69(a) to . . . appointment of receivers,' when such actions are
8 undertaken in aid of executing a judgment." *Id*. at 700.  Because California has a specific statute
9 governing the appointment of a receiver of a liquor license, the court looks to California law to
10 determine whether Plaintiff is entitled to have such a receiver appointed. *See* Cal.Civ.Proc.Code
11 § 708.630(a) ("The judgment debtor's interest in an alcoholic beverage license may be applied to
12 the satisfaction of a money judgment only as provided in this section").

13    Under California law, the alcoholic beverage license of a judgment debtor is subject to
14 enforcement of a money judgment.  *See* Cal.Civ.Proc.Code §§ 708.630, 695.010(a), 699.710;
15 *Office Depot, Inc. v. Zuccarini*, 596 F.3d at 701.  "The court may appoint a receiver . . . where
16 the judgment creditor shows that considering the interests of both the judgment creditor and the
17 judgment debtor, the appointment of a receiver is a reasonable method to obtain the fair and
18 orderly satisfaction of the judgment."  Cal.Civ.Proc.Code § 708.620.  However, when the
19 receiver is appointed for the purpose of transferring the judgment debtor's interest in an alcoholic
20 beverage license, California Code of Civil Procedure section 708.630 limits this power if "the
21 judgment debtor shows in the proceeding to appoint a receiver that the amount of delinquent
22 taxes . . . and claims of creditors with priority over the judgment creditor exceed the probable
23 sale price of the license." *Id*. § 708.630(b).

24    Here, the Court finds that plaintiff has shown that appointment of a receiver of
25 Defendants' alcoholic beverage licenses is a reasonable method to obtain satisfaction of the

---

[3] Rule 66 provides: "These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued. But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule. An action in which a receiver has been appointed may be dismissed only by court order."

judgment. Plaintiff represents that following entry of judgment, it has sent post-judgment discovery to Defendants in an attempt to obtain payment to satisfy the judgment. (Doc. 25-2 at 5.) Defendants have ignored these discovery requests and have refused payment of the judgment. (*Id*.) Plaintiff consulted the License Query System website maintained by the California Department of Alcoholic Beverage Control and identified two licenses:

1. License Number 432464
   Primary Owner: Brazilian BBQ, Inc.
   Business Name: Samba Brazilian BBQ, Inc.
   Company Officer Information: Adnan Mohammed Saddeldin, director or general manager; Jay P. Ghazal, president/treasurer; and Allen Martin Ormonde, secretary.

2. License Number 310166
   Primary Owner: Jay P. Ghazal
   Business Name: By the Sea
   Licensee Information: Jay P. Ghazal

(*See* Doc. 25-3 at 18-22.) Plaintiff's counsel also avers that based on his experience, "installing a keeper at Defendants' place of business would be [a] burdensome and expensive" alternative to collection on the liquor licenses. (Doc. 25-2 at 5.) Finally, Defendants have failed to respond to any of Plaintiff's motions, including the instant motion. Accordingly, this Court finds that, considering the interests of both parties, Plaintiff is entitled to have a receiver appointed to take possession and control of Defendants' alcoholic beverage licenses, numbers 432464 and 310166. *See J & J Sports Prods., Inc. v. Bachman*, 2011 WL 1376605 (E.D. Cal. Apr. 12, 2011); *J & J Sports Prods., Inc. v. Huezo*, 2011 WL 1134265 (N.D. Cal. March 25, 2011).

In sum, Plaintiff has shown the appointment of a receiver is a reasonable method to obtain satisfaction of its judgment.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of a receiver in aid of enforcement of judgment is GRANTED;

//

//

//

2. The Court appoints ROBERT A. HAWKINS, JAMES E. SALVEN, or SHERYL A. STRAIN as receiver to perform the duties and responsibilities set forth in this Order and whom shall be compensated at the expense of Defendants, by a percentage to be determined based upon the amount recovered from the sale of the alcoholic beverage licenses;

3. The receiver shall have the following duties and powers pursuant to Rule 66 of the Federal Rules of Civil Procedure and California Code of Civil Procedure section 708.630:

    A. To take possession and control of Defendants' alcoholic beverage license bearing the number 432464 in accordance with the California Business and Professions Code and applicable regulations of the California Department of Alcoholic Beverage Control;

    B. To take possession and control of Defendant Jay P. Ghazal's alcoholic beverage license bearing the number 310166 in accordance with the California Business and Professions Code and applicable regulations of the California Department of Alcoholic Beverage Control;

    C. To file with the California Department of Alcoholic Beverage Control the surrender of the alcoholic beverage licenses under Title 4 of the California Administrative Code section 65;

    D. To retain the services of a business opportunity broker, if necessary, to place the alcoholic beverage licenses on the market for purposes of a competitive sale;

    E. To retain the services of an attorney and an accountant, if necessary, to aid and assist in the sale of the alcoholic beverage licenses;

    F. To proceed with the sales, pay any priority tax liens, if at all, distribute the balance of the funds to Plaintiff first, and thereafter to other creditors, if any;

4. Defendants are restrained from:

    A. The sale, transfer, or other disposition of the licenses; and

    B. Any act to interfere with the receiver's efforts to sell the licenses.

IT IS SO ORDERED.

Dated:   May 10, 2011                  /s/ **Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE