**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | Case No. 1:09-cv-02197-AWI-GSA |
| Plaintiff, | |
| v. | FINDING AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT |
| ADNAN MOHAMMED SADDELDIN, et al., | (Doc. 31) |
| Defendants. | OBJECTIONS DUE: 14 DAYS |

**I.**

**INTRODUCTION**

On December 18, 2009, Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") brought this action against Adnan Mohammed Saddeldin, Jay P. Ghazal, and Allen Martin Ormonde, individually and doing business as Samba Brazilian Steak House, also known as Samba Brazilian BBQ, and against Samba Brazilian BBQ, Inc., a business entity doing business as Samba Brazilian Steak House, also known as Samba Brazilian BBQ. The District Court entered default judgment against all defendants on June 16, 2010. (Docs. 21, 22).

Pending before the Court is a motion by Defendant Allen Martin Ormonde ("Defendant" or "Defendant Ormonde") pursuant to Federal Rule of Civil Procedure 60(b)(4), to vacate the

default judgment entered against him. Doc. 31.  The motion was referred to the undersigned by District Judge Anthony W. Ishii for Findings and Recommendations. (Doc. 34).  For the reasons discussed below, the Court finds that the default judgment entered against Defendant Ormonde is void for lack of personal jurisdiction on account of ineffective service of process.  Accordingly, the Court RECOMMENDS that the Defendant's motion be GRANTED and the default judgment entered against him be VACATED.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

As stated above, Plaintiff brought this action against Adnan Mohammed Saddeldin, Jay P. Ghazal, and Allen Martin Ormonde, individually and doing business as Samba Brazilian Steak House, and against Samba Brazilian BBQ, Inc., a business entity doing business as Samba Brazilian Steak House.  The complaint alleges, on information and belief, that each individual defendant, as well as the corporate defendant, was an "owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Samba Brazilian Steak House a/k/a Samba Brazilian BBQ operating at 6731-37 N. Palm Avenue, Fresno, California 93704." Doc 1, Cmplt., ¶¶ 7-10.

Plaintiff's complaint alleges that the defendants violated the Communications Act of 1934, 47 U.S.C. § 605, *et seq.*, the Cable and Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, *et seq.*, and various provisions of California law, based on an alleged unlicensed broadcast of sports programming at the Samba Brazilian Steak House, located at 6731-37 N. Palm Avenue in Fresno, California.  Plaintiff owned exclusive nationwide commercial distribution rights to "Ultimate Fighting Championship 92: The Ultimate 2008" ("the Program"), which was telecast nationwide on December 27, 2008.  Plaintiff had previously

marketed and promoted the Program to various entities, which purchased limited sublicensing rights to publicly exhibit the Program at their respective hospitality establishments. The complaint alleges that the defendants named in the complaint unlawfully intercepted the Program at the time of its transmission and exhibited it at their commercial establishment, the Samba Brazilian Steak House. *See* Doc. 1, Cmplt., ¶¶ 11-18.

Plaintiff filed returns of proof of service as to all defendants, including Defendant Ormonde. (Docs. 8-11). The proof of service as to Defendant Ormonde indicates that he was served on January 25, 2010. Doc. 9. Specifically, the proof of service states that Defendant Ormonde was served by substitute service pursuant to Federal Rule of Civil Procedure 4(e)(2) at the Samba Brazilian Steak House at 6731-37 North Palm Avenue, Fresno, CA 93704. Doc. 9.[1] Plaintiff's proof of service further attests that substitute service was made on a "Tim Doe," the "Person In Charge," who was instructed to deliver the documents to Defendant Ormonde.[2] Doc. 9. The process server's declaration, attached to the proof of service, states that the process server was unable to verify that Defendant worked at the restaurant.[3] Finally, the proof of service states that Defendant Ormonde's "[r]esidence address was not known at the time of service" but does not detail any steps taken to find a home address for Defendant. Doc. 9.

No defendant responded to the complaint, whereupon default was entered as to each. Doc. 13. Plaintiff thereafter filed a motion for default judgment. Doc. 17. The undersigned made findings and recommendations to the effect that default judgment be granted. The findings

---

[1] Federal Rule of Civil Procedure 4(e)(2) does not authorize service at a place of business; it only authorizes personal service, substitute service at an individual's dwelling or usual place of abode, or substitute service on a specifically authorized agent.

[2] The summons and complaint were also mailed to Samba Brazilian Steak House, to Defendant's attention, the day after substitute service was made on Tim Doe. Doc. 9.

[3] The declaration states that the process server went to the business on January 13, 2010 but the business was locked. The process server returned on January 15, 18, and 22 but was "unable to verify employment" as the "manager was not in. Thereafter, on January 25, 2010, the process server went to the restaurant and effected substitute service on Tim Doe.

3

and recommendations were adopted by the District Court and judgment was entered in favor of Plaintiff and against each defendant. Docs. 21, 22.

Pending before the Court is Defendant Ormonde's motion to vacate the judgment, asserting that service of process on him was ineffective, requiring the judgment against him to be vacated as void pursuant to Federal Rule of Civil Procedure 60(b)(4). The motion to vacate the judgment has been fully briefed by the parties and was submitted for decision without a hearing. Doc. 35.

## III.

## THE PARTIES' POSITIONS

**A. Defendant's Motion**

In his motion, Defendant states that he was never served with the summons and complaint in this action. Rather, he first heard of this action well after the District Court had entered a default judgment against him, when an attorney for Plaintiff called him and informed him of the default judgment. Doc. 31-4 at 1-2; 4.

Defendant argues that the substitute service effected on Tim Doe at Samba Brazilian Steakhouse was insufficient and ineffective under Rule 4 of the Federal Rules of Civil Procedure. Defendant states that he had liquidated his interest in Samba Brazilian Steak House in April 2006. Therefore substitute service effected on a person in charge of that restaurant in January 2010, years after his connection with the restaurant was terminated, was ineffective and void. Doc. 31-4 at 2.

Defendant next argues that the substitute service at issue here is ineffective because Plaintiff made no effort to serve him personally before resorting to substitute service. Doc. 31-4 at 2. Defendant states that his home address was a matter of public record and could have easily been found through a simple check of property records maintained at the Fresno County

Recorder's Office.[4]  Doc. 31-4 at 2.  Defendant provides the following specific facts in support of this argument: (1) he "purchased his home in Fresno in 1995, and has lived in the same house since;" (2) the deed to his house was recorded on October 27, 1995 as Document No. 95138261 in the Official Records of the Fresno County (CA) Recorder's Office; (3) the deed has been a matter of public record since the day it was recorded; and (4) he is listed as the deed grantee under the same name as appears in Plaintiff's complaint.  Doc. 31-4 at 2.  Defendant argues that consequently "[w]ith a modest effort, he could have been located by plaintiff, had plaintiff so desired."  Doc. 31-4 at 2.

In sum, Defendant contends that the "substitute service" at Samba Brazilian Steak House does not confer personal jurisdiction over him, and therefore the default judgment entered against him should be vacated as void.  Defendant concedes that under Federal Rule of Civil Procedure 4(e)(1), an individual may be served under state law, here California law, and that California law authorizes substitute service at a place of business.  *See* Cal. Civ. Proc. Code § 415.20(b).  Defendant argues however that such service is permitted only after "a good faith effort at personal service has first been made," and that "[n]o such effort was undertaken by plaintiff in this action."  Doc. 31-4 at 5-6 (citing Cal. Civ. Proc. Code § 415.20(b)).  Since Plaintiff failed to make a good faith effort to personally serve him, the substitute service is ineffective under California law, and in turn under Rule 4, thereby depriving the District Court of personal jurisdiction.  Doc. 31-4 at 6-7.

///

///

---

[4] Defendant Ormonde has submitted, in support of his motion, the grant deed to his home, located at 1603 E. Waterford Avenue in Fresno, California.  *See* Doc. 31-1, Exhibit A.  The Court takes judicial notice of this grant deed recorded with the Fresno County Recorder's Office, as it is a matter of public record.  Fed. R. Evid. 201; *see also Sears, Roebuck & Co. v. Metro Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).  The deed lists Defendant Ormonde as the grantee of the real property identified in the deed.

B. **Plaintiff's Opposition**

Plaintiff responds to Defendant's contentions by asserting that Defendant was properly served pursuant to Federal Rule of Civil Procedure 4(e)(1). Doc. 32 at 2-3. Plaintiff argues that Rule 4(e)(1) allows for the "borrowing" of a state service of process provision, and here service was made in accordance with a provision of California law which authorizes substitute service to be effected by delivering a copy of the summons and complaint to a person apparently in charge of the defendant's usual place of business. Doc. 32 at 3; *see* Cal. Civ. Proc. Code § 415.20(b).

Plaintiff argues that Plaintiff had "a reasonable belief that Samba Brazilian Steak House was Defendant's business enterprise."[5] Doc. 32 at 5. In support of this claim, Plaintiff points to a liquor license issued by the California Department of Alcoholic Beverage Control on March 22, 2006 to Brazilian BBQ, Inc., 6737-37 N. Palm Ave., Fresno, California 93704. The liquor license identifies Defendant Ormonde as a stock holder in and the "Secretary/Asst. Sec." of Brazilian BBQ, Inc. The liquor license was to expire on March 31, 2014 but was surrendered on July 10, 2013, several years after the substitute service at issue here was made. Doc. 32 at 5; *see* Doc. 36-2.

Plaintiff further argues that the fact that Defendant's home address was a matter of public record is irrelevant to the question of the validity of the substitute service effected here because "nothing in C.C.P. § 415.20(b) [the California statute authorizing substitute service] requires an attempt to serve at a residence before effectuating substitute service." Doc. 32 at 8.

///

///

---

[5] Plaintiff argues that the term "usual place of business" as used in Cal. Civ. Proc. Code includes "a defendant's customary place of employment as well as his own business enterprise." Doc. 32 at 5 (quoting Judicial Council Comment to Cal. Civ. Proc. Code § 415.20).

6

**C. Defendant's Reply**

Defendant responds that nothing in the return of proof of service filed with the Court indicates that Plaintiff attempted to identify Defendant's principal residence or his primary place of business. Doc. 33 at 2.  Even if Plaintiff relied on the liquor license held by Brazilian BBQ, Inc., the license shows only that Defendant was an officer and a stockholder of that corporation in 2006.  Doc. 32 at 2.  The fact that Defendant was an officer or stockholder of Brazilian BBQ, Inc. does not mean that Samba Brazilian Steak House was his usual place of business in 2006, let alone in 2010 when the substitute service was effected there.  Doc. 33 at 2.

In support of his argument Defendant cites *Zirbes v. Stratton*, 187 Cal.App.3d 1407, 1416 (1986), noting that there the defendant was served via substitute service at the address listed on her driver's license, which was actually her parents' home address.  The *Zirbes* court concluded that the parent's home was not a proper place to effect substitute service because the defendant did not actually reside there.  Defendant argues that if an address listed on a person's driver's license is not  a sufficient basis to infer that the person lives at that address, it is similarly not reasonable to infer from the liquor license at issue here that the address listed thereon was the Defendant's principal place of business.  Defendant further argues that he had no control over the information listed on the liquor license, which fact makes his case even more compelling than in *Zirbes*. Doc. 33 at 3.

Finally, Defendant notes that Plaintiff presented no documentation establishing that Samba Brazilian Steak House was in fact Defendant's usual place of business or that the process server attempted to identify any other location to personally serve him. Doc. 33 at 4.  Defendant argues that, on the contrary, the proof of service specifically indicates that the process server could not verify that the Defendant actually worked at the restaurant.  Hence Plaintiff was obligated to attempt to identify other ways to personally serve him.  Plaintiff could have easily

7

found Defendant's principal place of residence as well as principal work location (he worked as an insurance agent) by employing standard searches on the internet. Doc. 33 at 3. Plaintiff's failure to do so indicates the lack of reasonable diligence to effect personal service. Doc. 33 at 4.

## IV.

## LEGAL STANDARDS

**A. The Court must Vacate a Default Judgment if it lacks Personal Jurisdiction**

Under Federal Rule of Civil Procedure 60(b)(4), a district court may set aside a default judgment if the judgment is void. A final judgment is "void" for purposes of Rule 60(b)(4) when the issuing court lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound. *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999); *also see S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("A final judgment is void, and therefore must be set aside under Federal Rule of Civil Procedure 60(b)(4), "if the court that considered it lacked jurisdiction ... over the parties to be bound."); *Mason v. Genisco Technology Corp.*, 960 F.2d 849, 851 (9th Cir.1992) ("A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process."); *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4.").

A motion to vacate a default judgment for lack of jurisdiction may be made at any time. *SEC v. Internet Solutions for Bus. Inc.*, 509 F.3d at 1165. When a court lacks personal jurisdiction over a defendant, it has a "nondiscretionary duty" to grant relief from any default judgment issued. *Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1256 (9th Cir. 1980).

*///*

**B. California Law Authorizes Substitute Service Only After the Exercise of Reasonable Diligence to Effect Personal Service**

"[A] signed return of service of process constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *SEC v. Internet Solutions for Bus. Inc.*, 509 F.3d at 1163.

To determine whether service was proper, courts look to the requirements of Federal Rule of Civil Procedure 4. Under Rule 4(e), service may be effected pursuant to either federal law or the law of the state where the district court in which the action is filed is located or where service is made. Here, Plaintiffs argue that service was proper under the applicable state law, i.e. California law. California law provides for service of process upon an individual person "by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." Cal. Civ. Proc. Code §§ 416.90, 415.10. If, after reasonable diligence, the summons and complaint cannot be personally delivered to the person to be served, several methods of substitute service are permitted.[6] Cal. Civ. Proc. Code § 415.20(b).

The statute authorizing substitute service expressly provides that such service is only permitted after reasonably diligent efforts at personal service have been made. Cal. Civ. Proc. Code § 415.20(b); *also see Evartt v. Superior Court*, 89 Cal.App.3d 795, 802 (1979) ("exercising

---

[6] Specifically, California Code of Civil Procedure § 415.20(b), which authorizes substitute service, provides as follows:
> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address . . . , at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

The Judicial Council's Comment to § 415.20 further emphasizes that substitute service is "made on a defendant by delivering a copy of the summons and of the complaint *to a person closely connected with him*, usually at the defendant's place of business, dwelling house, or usual place of abode." (Emphasis added).

reasonable diligence to effect personal service" is a "mandatory prerequisite for [substitute] service"); *Burchett v. City of Newport Beach*, 33 Cal.App.4th 1472, 1477 (1995) ("[p]ersonal delivery must be attempted in all cases where [substitute] service is used")(internal quotation marks omitted).  Thus, although California law permits substitute service, it espouses a clear preference for personal service, as personal service is "the means which would more certainly assure actual notice to the defendant."  *Evartt,* 89 Cal.App.3d 795 at 799.

"[T]he burden is upon the plaintiff to show reasonable diligence to effect personal service and each case must be judged upon its own facts."  *Id.* at 801.  "Perfunctory efforts" to personally serve the defendant do not satisfy the "reasonable diligence" prerequisite.  *Id*. at 802; *also see Bein v. Brechtel-Jochim Grp., Inc*., 6 Cal.App.4th 1387, 1391-92 (1992) ("Ordinarily … two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substitute service to be made."); *American Express Centurion Bank v. Zara*, 199 Cal.App.4th 383, 389 (2011) (to qualify as reasonable diligence, two or three attempts must first be made to personally serve the defendant).

Moreover, "[t]o be constitutionally sound the form of substitute service must be reasonably calculated to give an interested party actual notice of the proceedings and an opportunity to be heard … [in order that] the traditional notions of fair play and substantial justice implicit in due process are satisfied."  *Zirbes v. Stratton*, 187 Cal.App.3d 1407, 1416 (1986) (ellipses and parentheses in original; internal quotation marks and citation omitted). Hence, substitute service "must be made upon a person whose relationship with the person to be served makes it more likely than not that they will deliver process to the named party." *Bein*, 6 Cal.App.4th at 1392 (internal quotation marks and citation omitted); *also see* the Judicial Council's Comment to Cal. Civ. Proc. Code § 415.20 (substitute service is "made on a defendant by delivering a copy of the summons and of the complaint *to a person closely connected with*

*him*, usually at the defendant's place of business, dwelling house, or usual place of abode." (Emphasis added).

Finally, the applicable statutory requirements "must be strictly complied with in order for jurisdiction over the person to be established by substitute means." *Evartt*, 89 Cal.App.3d at 799 (citation omitted); *also see Zirbes*, 187 Cal.App.3d at 1416 ("[i]n order to obtain in personam jurisdiction through any form of constructive service there must be strict compliance with the requisite statutory procedures").

### III.

### DISCUSSION

**A. Substitute Service on Defendant was Invalid Because Plaintiff did not Exercise Reasonable Diligence to Effect Personal Service**

"[A] signed return of service of process constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *SEC v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007). Here there is strong and convincing evidence that the substitute service of process effected in this case was insufficient and ineffective under California law, and, in turn, under Federal Rule of Civil Procedure 4.

As a preliminary matter, the Court notes that the return of service of process with regard to Defendant Ormonde states that substitute service was "made pursuant to FRCP 4(e)(2)" on a "Tim 'Doe,' Person In Charge" at "6731-37 North Palm Avenue, Fresno, CA 9370," which is the address for the Samba Brazilian Steak House restaurant. Doc. 9. However, Federal Rule of Civil Procedure 4(e)(2) does not authorize service at a place of business; it only authorizes personal service, substitute service at an individual's dwelling or usual place of abode, or substitute service on a specifically authorized agent. Therefore, although the return of proof of service stated that "service [was] made pursuant to FRCP 4(e)(2)," this was clearly not the case.

Plaintiff now argues that service of process on Defendant Ormonde nonetheless

comported with Rule 4(e)(1) of the Federal Rules of Civil Procedure. Doc. 32 at 2-3. Rule 4(e)(1) authorizes service of process in compliance with applicable state rules, and Plaintiff argues that the form of service made here complied with California Civil Procedure Code § 415.20(b) which permits substitute service on a person apparently in charge at the defendant's usual place of business. Doc. 32 at 3.

California law allows for substitute service only if the plaintiff has exercised reasonable diligence to personally serve the defendant and if the substitute service is reasonably calculated to give the defendant actual notice of the lawsuit at issue. The question before the Court is whether the Plaintiff exercised reasonable diligence to personally serve the Defendant before resorting to substitute service at Samba Brazilian Steak House. The Court finds, in light of the relevant facts and circumstances, that the Plaintiff did not exercise the requisite reasonable diligence to personally serve the Defendant before relying on substitute service, and that, moreover, the substitute service effected here was not reasonably calculated to give the Defendant actual notice of the pending lawsuit.

The return of service of process indicates that Plaintiff's process server went to Samba Brazilian Steak House on 4 occasions between January 13 and January 22, 2010 in order to inquire whether the Defendant worked at the restaurant. However, the process server was "unable to verify" that the Defendant worked at the restaurant either because the business was "locked" or the manager was "not in." Doc. 9. Nonetheless, without obtaining verification that the Defendant worked at or was otherwise connected to the restaurant, the process server returned to the restaurant on January 25, 2010 and served the documents on a "Tim 'Doe,' Person In Charge."[7] The process server instructed Tim Doe "to deliver documents to defendant

---

[7] The return of service of process indicates that this time the process server determined that Defendant Ormonde was "Not In (Business)." The notation "Not In (Business)" is ambiguous. It may imply that the process server determined that the Defendant was not present at the business at the time. It does not indicate, however, that the

12

as named." Doc. 9.

These facts suggest that the process server made the substitute service without ever confirming that Defendant Ormonde actually worked at or was connected to the business. Moreover, the process server did clarify what Tim Doe's precise position at the restaurant was; whether Tim Doe had any relationship or connection to the Defendant; and whether there was in fact any way for Tim Doe to convey the documents to the Defendant. Doc. 9. The summons and complaint were also subsequently mailed to the Samba Brazilian Steak House, but again this was done without confirmation that Defendant was likely to receive mail sent to the Samba Brazilian Steak House.

Plaintiff now points to a liquor license issued in March 2006 by the California Department of Alcoholic Beverage Control to Brazilian BBQ, Inc., 6737-37 N. Palm Ave., Fresno, California 93704. The liquor license identifies Defendant Ormonde as a stock holder in and the "Secretary/Asst. Sec." of Brazilian BBQ, Inc. Plaintiff's reliance on the liquor license is misplaced as the liquor license was issued close to four years before the substitute service at issue here was made. Plaintiff argues that the liquor license is probative because it was still in effect at the time the substitute service was made. However, the license included information that was current at the time of issuance, i.e., it indicates that in 2006 the Defendant was a stockholder and officer of a corporation that owned the Samba Brazilian Steak House. Plaintiff could not reasonably assume, without any additional verification, that the Defendant continued to hold those positions in 2010.

Furthermore, Plaintiff resorted to substitute service at Samba Brazilian Steak House without making any effort to personally serve the Defendant at his home address which, given the deed recorded in Defendant's name at the Fresno County Recorder's Office, was a matter of

---

process server confirmed that the Defendant worked at the restaurant or was otherwise connected with it and was therefore likely to receive the documents left there for him.

13

public record.  The return of service of process notes that Defendant Ormonde's "[r]esidence address was not known at the time of service," but does not indicate what efforts, if any, were undertaken to locate a home address for Defendant.  Doc. 9.  Plaintiff argues that the fact that Defendant's home address was a matter of public record is irrelevant to the question of the validity of the substitute service effected here because "nothing in C.C.P. § 415.20(b) requires an attempt to serve at a residence before effectuating substitute service."  Doc. 32 at 8.  However, as stated above, the proper inquiry is whether Plaintiff fulfilled the mandatory prerequisite to effecting substitute service, i.e., whether Plaintiff exercised reasonable diligence to attempt to personally serve the Defendant before resorting to substitute service.  Here, Plaintiff went ahead with the substitute service before first ascertaining whether the Defendant could even be personally served at the restaurant.  Given that the return of proof of service specifically states "Unable to Verify Employment," Plaintiff should clearly have made a diligent effort to locate a residential address for the Defendant.  Doc. 9.  Indeed, service at Defendant's residence would be more likely to result in actual notice than substitute service at Samba Brazilian Steak House, a business with only a suspected connection to the Defendant on the basis of information contained in a liquor license.  Plaintiff's home address was readily available as the deed to his home was on record at the Fresno County Recorder's office.[8]  Plaintiff also could have attempted to serve Defendant at his actual office, in light of Defendant's clarification that he worked as an insurance agent at the time.

In sum, here Plaintiff made no attempt to locate a residential address or alternative work address for Plaintiff and instead relied on information contained in a liquor license to effect substitute service at Samba Brazilian Steak House, without verifying whether Defendant actually worked there or was otherwise connected to the restaurant.  Plaintiff failed to investigate the

---

[8] *See* Note 4 above.

14

most logical place to effect personal service on the Defendant, i.e. his home, and instead chose to effect substitute service at a restaurant with only a suspected and unverified connection to him, thereby diminishing the likelihood that the Defendant would actually get notice of the lawsuit. These facts compel the conclusion that Plaintiff did not make a reasonably diligent effort to personally serve the Defendant, resorting instead to substitute service that was not reasonably calculated to give actual notice of the instant lawsuit to Defendant. *See Evartt v. Super. Ct.*, 89 Cal.App.3d 795, 801 (1979) (reasonable diligence is evaluated on a case by case basis as "[n]o single formula nor mode of search can be said to constitute due diligence in every case").

The Defendant has sufficiently rebutted the presumption of valid service with strong and convincing evidence that the substitute service effected here does not comply with California Civil Procedure Code § 415.20(b) and, in turn, with Federal Rule of Civil Procedure 4(e)(1). Accordingly, the Court finds that the substitute service made on Tim Doe at Samba Brazilian Steak House was ineffective. Consequently, the Court did not have personal jurisdiction over Defendant at the time that judgment was entered against him.[9]

**B. The Default Judgment Entered Against Defendant Must be Vacated as Void Since the District Court Lacked Personal Jurisdiction Over the Defendant**

A court cannot exercise personal jurisdiction over a defendant without proper service of process. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed. R. Civ. P. 4"). Without effective service of process on a defendant, a

---

[9] The Court does not address the parties' other arguments—e.g., regarding whether Defendant liquidated his interest in and dissociated from Samba Brazilian Steak House in 2006, and whether the Samba Brazilian Steak House constituted Defendant's "usual place of business" for purposes of substitute service under California Code of Civil Procedure § 415.20(b)—because these arguments are moot in light of the Court's finding that Plaintiff's failure to exercise reasonable diligence to effect personal service on Defendant rendered the substitute service made here ineffective and deprived the Court of personal jurisdiction. For the same reason, the Court does not address Defendant's sur reply and the documents filed therewith. Doc. 36.

judgment against him is void. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) ("A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process."); *Veeck v. Commodity Enters., Inc.*, 487 F.2d 423, 426 (9th Cir. 1973). As the substitute service effected here was invalid, the Court lacked personal jurisdiction over the Defendant, thereby rendering void the default judgment entered against him. The judgment should thus be vacated pursuant to Federal Rule of Civil Procedure 60(b)(4).

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS that the Defendant's motion to vacate the default judgment entered against him be GRANTED.

These findings and recommendations are submitted to District Judge Anthony W. Ishii pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Any party may file written objections to these findings and recommendations within fourteen (14) days of service thereof. Such a document shall be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's forthcoming order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 9, 2014**                    **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE